By the Court.—Freedman, J.
—The action was brought by plaintiff to recover from defendant the sum of $640.00, alleged to have been earned by him a commission as a real estate broker by selling a house belonging to defendant.
The defendant denied the complaint, and claimed that he had employed one Richard Murphy, a real estate broker, to sell the house in question, that Murphy did sell it to one Leath, and that he, the defendant, had paid Murphy the commission therefor.
Upon the trial evidence was given on both sides and the questions of fact arising thereon submitted to the jury under instructions which were quite favorable to the defendant. STo exception lies to the charge as delivered, and indeed no complaint is made of it.
It was conceded on the argument that as to plaintiff’s employment as a broker the conflict of evidence was of so decided a character that the verdict of the jury on that point cannot be disturbed.
Upon a careful examination of the whole evidence it appears that a sufficient conflict also existed in regard to the question whether plaintiff’s agency was *26 in point of fact the procuring cause of the sale. True, the purchaser and Murphy both swore that their information was not derived from plaintiff. But the plaintiff gave facts and circumstances to the contrary, and Ms version was supported by the testimony of a witness who, it is conceded,'was employed by defendant to take charge of the house pursuant to plaintiff’s recommendation. The purchaser may have been mistaken in his testimony ; Murphy seems to have had as much interest in defeating plaintiff’s claim as the plaintiff had in sustaining it, and the defendant had no personal knowledge upon this branch of the case. Under these circumstances, the decision of the question whether in point of fact plaintiff’s agency was or was not the procuring cause of the sale, depended so much upon the just weight to be attached to the testimony of the different witnesses according to the probabilities of the case and the inferences to be fairly and legitimately drawn from such testimony, that the withdrawal of the question from the consideration of the jury by the direct tion of a verdict in defendant’s favor and its consequent determination as matter of law, would have been error. This being so, the verdict cannot be set aside as being against evidence or the weight of evidence.
The judgment and order should be affirmed with costs.
Sedgwick and Speir, JJ., concurred.